**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

In re:                                                      Bankruptcy No. 17-30559

Alonna Knorr Norberg,                                       Chapter 7

               Debtor.

_____/

Jon David Norberg, in his individual
capacity and on behalf of his minor
children M.E.N., I.R.N., and G.J.N,

               Plaintiff,

v.                                                          Adversary No. 17-7029

Alonna Knorr Norberg,

               Defendant.

_____/

**MEMORANDUM AND ORDER**

**I.     BACKGROUND**

Plaintiff Jon Norberg filed an Adversary Complaint alleging Debtor/Defendant

Alonna Knorr Norberg's debt to him arising from damages he allegedly suffered as a

result of her abuse of process, malicious prosecution and defamation should be

excepted from discharge under 11 U.S.C. § 523(a)(6).  Doc. 1 at 4–7.  He also seeks a

determination that Alonna Knorr Norberg's debt to him arising from domestic support

obligations is nondischargeable under 11 U.S.C. § 523(a)(5).  Id. at 6–7.  Additionally, he

seeks a determination that Alonna Knorr Norberg's debt payment requirements under

the order entered in the parties' divorce proceedings are nondischargeable under 11

U.S.C. § 523(a)(15).  Id. at 6.  To the extent Jon Norberg has already paid debts which

were Alonna Knorr Norberg's responsibility under the divorce decree, he seeks

reimbursement of that sum and a determination that the debt is nondischargeable under

11 U.S.C. § 523(a)(15).  Id. at 7.

Alonna Knorr Norberg filed an Answer, maintaining that any alleged debt related

to Jon Norberg's defamation, malicious prosecution and abuse of process claims is

dischargeable.  Doc. 4 at 2.  She further asserts that, although she does not seek to

discharge her support obligations, part of the debt assigned to her in the divorce is

dischargeable because it is no longer owed to Jon Norberg and Jon Norberg does not

have standing to assert nondischargeability.  Doc. 4 at 3–4.

In March 2019, Jon Norberg filed a Motion for Partial Summary Judgment,

seeking a determination that any debt arising from the defamation, malicious prosecution

and abuse of process claims he filed in state court should be excepted from discharge.

Doc. 10.  Alonna Knorr Norberg disputed that Jon Norberg met the elements of

collateral estoppel and the section 523(a)(6) cause of action.  Doc. 13 at 3.  On

September 20, 2018, the Court granted Jon Norberg's Motion for Partial Summary

Judgment and ruled that any debt owed by Debtor Alonna Knorr Norberg to Jon Norberg

arising from Jon Norberg's causes of action for abuse of process, malicious prosecution

and defamation or slander is excepted from discharge under 11 U.S.C. § 523(a)(6).

Based on the request of the parties and the Court's analysis of the permissive abstention

factors, the Court abstained from exercising jurisdiction over Jon Norberg's request to

determine liability or damages arising from his state law defamation or slander, abuse of

process and malicious prosecution causes of action.  11 U.S.C. § 1334(c); Stabler v.

Beyers (In re Stabler), 418 B.R. 764, 769 (B.A.P. 8th Cir. 2009).

2

Jon Norberg's claims that domestic support obligations or other debt arising from the parties' divorce is excepted from discharge under 11 U.S.C. § 523(a)(5) and (15) remain pending. His request for reimbursement or indemnification for debts he has already paid that were the responsibility of Alonna Knorr Norberg remains pending as well.

On May 17, 2019, Jon Norberg filed a second Motion for Partial Summary Judgment. Doc. 32. In his brief filed in support of his motion, Jon Norberg asserts that Alonna Knorr Norberg "acknowledges in her Answer to the Complaint that any 523(a)(5) debts are not dischargeable." Doc. 32 at 3. Presumably, he is suggesting that the Court may enter an order ruling that Alonna Knorr Norberg's debt to Jon Norberg arising from domestic support obligations is not dischargeable under 11 U.S.C. § 523(a)(5). In her response to the partial motion for summary judgment, Alonna Knorr Norberg "concedes that any child support debt due [and] owing to Plaintiff is not dischargeable pursuant to 11 U.S.C. § 523(a)(5)." Doc. 33 at 1. Likewise, in her Answer, Alonna Knorr Norberg represents that she is not seeking to discharge her support obligations. Doc. 4 at ¶6.

Jon Norberg testified by affidavit that Alonna Knorr Norberg owed him $3,557.90 in unpaid child support as of May 17, 2019. Doc. 32 at ¶7. For purposes of entry of judgment on a claim under section 523, the sum at issue is the debt the debtor owes on the date of petition. Jon Norberg offered no evidence in support of this sum.

During oral argument, the parties agreed that the Court may enter an order and judgment finding that unpaid child support due and owing on the petition date is

3

excepted from discharge under 11 U.S.C. § 523(a)(5).  The Court will enter judgment

accordingly.

In his May 2019 motion, Jon Norberg seeks a determination that Alonna Knorr

Norberg's debt obligations imposed in the Divorce Decree[1] are nondischargeable under

11 U.S.C. § 523(a)(15).  Doc. 32 at 1, 4–7.  More specifically, he maintains that '[t]he

debt at issue is identified in Claim No. 5 in Knorr's underlying bankruptcy case, No. 17-

30559."  Doc. 32.  Jon Norberg did not attach Claim 5 to his motion or supporting

affidavit, but he testified by affidavit that the North Dakota District Court ordered Alonna

Knorr Norberg to pay $252,955.00 to Bell State Bank & Trust in the Divorce Decree and

that she failed to make payment on this debt.  Doc. 32 at 8–9.  He also attested that

North Mountain Capital, LLC, an entity in which Jon Norberg holds an ownership

interest, purchased the loan from Bell State Bank & Trust and Bell State Bank & Trust

assigned its interest to North Mountain Capital.  Doc. 32 at 9.

Alonna Knorr Norberg filed a response, conceding that her debt to North

Mountain Capital "to the extent of Plaintiff's ownership of it and or to the actual extent of

the debt" is not dischargeable pursuant to section 523(a)(15). Doc. 33 at 1.  She

asserted that the "only question remaining is what the amount of the debt owed by

Debtor-Defendant to Plaintiff is."  Id.  She argued that the sum of her debt to North

Mountain Capital should be reduced to $200,000 because that is the sum North

---

[1] The parties agreed that the Court may consider the Corrected Amended
Findings of Fact, Conclusions of Law and Order for Judgment upon Remand from the
North Dakota Supreme Court, entered by the District Court, County of Cass, State of
North Dakota on June 16, 2014 (Divorce Decree).  Doc. 11.

Mountain Capital paid to Bell State Bank & Trust to acquire an assignment of the

promissory note and the right to enforce it.  She asserted that this debt should then be

reduced to reflect only Jon Norberg's interest in North Mountain Capital totaling 49%.

Id. at 2

     During oral argument on Jon Norberg's May 2019 motion, Alonna Knorr Norberg

sought leave to supplement the record on summary judgment, which the Court granted.

Doc. 37.  The parties filed a Stipulation to Supplement the Record with documents

attached on July 12, 2019.  Doc. 39.   The Court also granted the parties an opportunity

to file briefs outlining the significance of this evidence.  Both parties filed briefs.  See

Docs. 40, 41, 42.

## II.    UNDISPUTED FACTS

     Jon Norberg and Alonna Knorr Norberg married in May 1996.  Doc. 11 at 4.

They divorced on June 16, 2014.  Id. at 39.  In the Divorce Decree, the North Dakota

District Court awarded assets and assigned debts to Jon Norberg and Alonna Knorr

Norberg.  Id. at 30–38.  The debts assigned to Alonna Knorr Norberg included a

$252,955.00 debt to "Bell State Bank & Trust Home Equity *2017."  Doc. 11 at 31.

Although Jon Norberg and Alonna Knorr Norberg were jointly liable to Bell State Bank &

Trust at the time of their divorce, the state court assigned Alonna Knorr Norberg

responsibility for paying this debt in the Divorce Decree.  Doc. 11 at 31; Doc. 33-1 at 4;

Doc. 39-1; Doc. 39-2.  Jon Norberg testified that Alonna Knorr Norberg failed to make

payment to Bell State Bank & Trust.  Doc. 32 at 8.

In July 2015, Bell State Bank & Trust initiated a lawsuit in North Dakota District Court alleging that Jon Norberg and Alonna Knorr Norberg were jointly liable to it on a May 2009 promissory note, claiming both parties were in default on the note and seeking judgment against both parties.  Doc. 39-1.  Jon Norberg filed an Answer admitting he signed the promissory note but denying liability for the debt.  Doc. 39-2.  Alonna Knorr Norberg did not answer the complaint.  See Doc. 39-5; Doc. 39-8.  As of October 12, 2015, Jon Norberg and Alonna Knorr Norberg were indebted to Bell State Bank & Trust pursuant to the terms and conditions of the May 2009 promissory note in the sum of $292,422.32.  Doc. 33-1 at ¶2.2e.

On November 13, 2015, Bell State Bank & Trust assigned its "right, title and interest" in the debt and underlying promissory note to North Mountain Capital in exchange for $200,000. Doc. 33-1 at 1–5.  The assignment also provided that Bell State Bank & Trust agreed to execute a substitution of parties and legal counsel in the lawsuit it filed against Jon Norberg and Alonna Knorr Norberg.  Doc. 33-1 at 3.  Bell State Bank & Trust and North Mountain Capital signed a Substitution of Parties and Legal Counsel, which was filed with the North Dakota District Court in February 2016.  Doc. 39-3.  The substitution also provided that "Jon Norberg is no longer a Defendant in this matter since he has been dismissed as a Defendant in this litigation."  Doc. 39-3.  Jon Norberg owns a 49% interest in North Mountain Capital.  Id. at 10.

On February 23, 2016, the North Dakota District Court entered an Order substituting North Mountain Capital as Plaintiff and removing Bell State Bank & Trust as Plaintiff.  The court also found that "Defendant Jon Norberg is no longer a defendant in

6

this matter as he has been dismissed." Doc. 39-4.  North Mountain Capital sought

default judgment against Alonna Knorr Norberg.  Docs. 39-5; 39-6; 39-7.  The North

Dakota District Court entered judgment against Alonna Norberg in the sum of

$298,077.22 on May 6, 2016.

In his Complaint, Jon Norberg sought reimbursement or indemnification for debts

he has already paid that were the responsibility of Alonna Knorr Norberg.  Doc. 1 at 7,

¶5.  He offered no evidence that he paid debts assigned to Alonna Knorr Norberg.

## III.    ANALYSIS

### A.    Summary Judgment Standard

Summary judgment is appropriate when there is no genuine dispute regarding

any material fact, and the moving party is entitled to judgment as a matter of law. Fed.

R. Bankr. P. 7056; Fed R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322

(1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party seeking

summary judgment bears the initial burden of identifying pleadings, discovery,

testimony, and other evidence which it believes demonstrate "the absence of a genuine

issue of material fact." Celotex Corp., 477 U.S. at 324. When the moving party meets its

burden, the nonmoving party must then "go beyond the pleadings and by her own

affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,'

designate 'specific facts showing that there is a genuine issue for trial.'" Id. (citing Fed.

R. Civ. P. 56). The Court views the record in the light most favorable to the nonmoving

party and affords that party all reasonable inferences. Blocker v. Patch (In re Patch),

7

526 F.3d 1176, 1180 (8th Cir. 2008) (citing Liberty Lobby, Inc., 477 U.S. at 252;

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986)).

**B.      Section 523(a)(15) Claim**

Under section 523(a), a discharge under section 727 "does not discharge an

individual debtor from any debt . . . (5) for a domestic support obligation [or] . . . (15) to a

spouse, former spouse, or child of the debtor and not of the kind described in paragraph

(5) that is incurred by the debtor in the course of a divorce or separation or in

connection with a separation agreement, divorce decree or other order of a court of

record[.]" 11 U.S.C. § 523(a)(5) and (15).  The nondebtor spouse bears the burden of

establishing the applicability of the exception to discharge under section 523(a)(15).

Friedman v. Hanis (In re Hanis), 2017 WL 3412093, at *7 (Bankr. E.D. Mo. Aug. 8,

2017).  Although other exceptions to discharge are strictly construed against the

objecting creditor, domestic relations exceptions are liberally construed in favor of a

former spouse.  Portwood v. Young (In re Portwood), 308 B.R. 351, 355 (B.A.P. 8th Cir.

2004).  As explained by the bankruptcy court in In re Esparsen,

> Exceptions to discharge under § 523(a)(15) are construed more
> liberally than other provisions of § 523. In re Taylor, 478 B.R. 419, 427 (10th
> Cir. BAP 2012), affirmed, 737 F.3d 670 (10th Cir. 2013); Prensky v. Clair
> Greifer LLP, 2010 WL 2674039, at *3 (D.N.J. 2010). "One of Congress's
> overarching themes in enacting BAPCPA was to redefine and reinforce the
> ability of non-debtor former spouses to recover property settlement
> obligations from debtors in bankruptcy." In re Wodark, 425 B.R. 834, 838
> (10th Cir. BAP 2010); In re Bernritter, 2014 WL 2718592 at *2 (Bankr. D.
> Kan. 2014) (quoting Wodark); In re Baker, 2013 WL 2606406, at *3 (Bankr.
> D.N.M. 2013) (same).

Esparsen v. Esparsen (In re Esparsen), 545 B.R. 330, 333 (Bankr. D.N.M. 2016).

8

The undisputed evidence shows that the debt to Bell State Bank & Trust assigned to North Mountain Capital is a debt incurred in connection with the Divorce Decree, and it is not a debt for domestic support.  The next question is whether the obligation to pay North Mountain Capital is a debt to a former spouse even though the Divorce Decree requires payment to a third party, North Mountain Capital.

The phrase "debt to a spouse, former spouse, or child of the debtor" in section 523(a)(15) is generally construed to include direct payments to a third party paid toward the satisfaction of a joint debt.  Id.; Cooper v. Cooper (In re Cooper), 2010 WL 1992372 at *4 (Bankr. E.D. Tenn. May 18, 2010) (finding that debts incurred through divorce decrees "fall within the scope of § 523(a)(15) as being 'a debt to a spouse, former spouse, or child of the debtor,' notwithstanding that the payments are payable to a third party") (citation omitted).  Section 523(a)(15) does not mandate that the divorce decree or court order require a debtor to pay the debt directly to the spouse for the debt to be excepted from discharge.  Stanley v. Stanley (In re Stanley), 2013 WL 1336103, at *6–7 (Bankr. N.D. Ala. Mar. 29, 2013).  Rather, to be excepted from discharge, the debt must be owed directly to the spouse, former spouse or child or the divorce decree or the divorce decree must expressly or impliedly create an obligation to hold the nondebtor former spouse harmless for payment of a joint debt.  See Ruddick v. Read (In re Read), 2015 WL 4178728, at *4 (Bankr. D.R.I. 2015) ("'The fact that the underlying obligation was payable to [a third party] does not mean that [the debtor former spouse] did not incur a separate obligation to [the nondebtor former spouse] that is, in itself, a

9

nondischargeable debt.'" (citation omitted)). The In re Esparsen court explained this

rationale:

> One divorcing spouse often agrees in a marital settlement agreement, or is ordered in a divorce decree, to pay a debt owed by both spouses. Most bankruptcy courts have held that such obligations are nondischargeable even though they are not directly payable "to a former spouse" because: (a) the debtor became liable to the former spouse to perform as ordered; and/or (b) the former spouse may be liable if the debtor does not pay.
>
> * * *
>
> If the former spouse is not liable for the third party debt, on the other hand, the debt may not come within the § 523(a)(15) exception.

In re Esparsen, 545 B.R. at 333–34 (citations omitted).  Similarly, the court in In re

Stanley opined:

> [A] majority of courts have held that a "direct pay to third parties obligation" created by a divorce decree is nondischargeable pursuant to section 523(a)(15) based on the legal reality that the obligation to pay such debts was created by the divorce decree, and is actually owed to and for the benefit of the spouse whose debts are to be paid, and would not exist but for a duty to settle property rights owed to that spouse under state law, and can be enforced by that spouse in the state domestic courts. Wodark v. Wodark (In re Wodark), 425 B.R. 834, 840 (10th Cir. BAP 2010); Gibson v. Gibson (In re Gibson), 219 B.R. 195, 205 (6th Cir. BAP 1998); Zimmermann v. Hying (In re Hying), 477 B.R. 731, 735 (Bankr. E.D. Wis. 2012); Morris v. Allen (In re Morris), 454 B.R. 660, 663 (Bankr. N.D. Tex. 2011); Clair, Griefer LLP v. Prensky (In re Prensky), 416 B.R. 406, 411 (Bankr. D.N.J. 2009); Damschroeder v. Williams (In re Williams), 398 B.R. 464, 469 (Bankr. N.D. Ohio 2008); Burckhalter v. Burckhalter (In re Burckhalter), 389 B.R. 185, 191 (Bankr. D. Colo. 2008); Beggs v. Niewdach (In re Beggs), 314 B.R. 401, 417 (Bankr. E.D. Ark. 2004); Ruhlen v. Montgomery (In re Montgomery), 310 B.R. 169, 180 (Bankr. C. D. Cal. 2004).

In re Stanley, 2013 WL 1336103, at *6; see also In re Cooper, 2010 WL 1992372 at *4.

Accordingly, Alonna Knorr Norberg's debt to Bell State Bank & Trust, which

arose under the Divorce Decree, is not dischargeable under section 523(a)(15).  Bell

10

State Bank & Trust's assignment of this debt to North Mountain Capital did not change

Alonna Knorr Norberg's obligation to pay the debt, and it did not change its status as a

nondischargeable debt under section 523(a)(15).

Alonna Knorr Norberg suggests that, because North Mountain Capital paid only

$200,000 for the assignment (rather than the full sum of the $252,955.00 debt the

Norbergs jointly owed to Bell State Bank & Trust in June 2014), her debt obligation

should also be reduced to $200,000. In other words, she argues that the bargain North

Mountain Capital negotiated with Bell State Bank & Trust inures to her benefit. She

offers no facts or authority for this proposition. Given that Bell State Bank & Trust

assigned "all of its right, title and interest" in the promissory note (Doc. 33-1) to North

Mountain Capital, the Court finds no restrictions on North Mountain Capital to enforce it

to the full extent of the debt obligation under the promissory note. Alonna Knorr

Norberg's argument that the debt on the note is capped at $200,000 is rejected.

During oral argument, Alonna Knorr Norberg also argued that the lawsuit initiated

by Bell State Bank & Trust and completed by North Mountain Capital (after the North

Dakota District Court granted substitution of the plaintiff) affects North Mountain

Capital's ability to enforce the judgment it obtained. In her brief filed July 26, 2019, she

clarified this argument. Doc. 40. Specifically, she maintains that when North Mountain

Capital dismissed Jon Norberg from the state court lawsuit to enforce the promissory

note, it relinquished its claims against Jon Norberg. Alonna Knorr Norberg asserts "Jon

Norberg is no longer obligated to Bell Bank, and owes no debt to North Mountain

Capital. In short, North Mountain Capital became a new 'creditor' to Debtor-Defendant

11

subsequent to the divorce and in place of both Bell Bank and Plaintiff Jon Norberg."

Doc. 40 at 4 (citing cases suggesting that the cause of action merged into the

judgment).  She maintains that, if Jon Norberg is no longer liable for the debt to North

Mountain Capital, the debt is dischargeable or not excepted from discharge under

section 523(a)(15).

The undisputed evidence shows that Jon Norberg was dismissed from the state

court lawsuit, but none of the documents offered show that North Mountain Capital

intended to dismiss its claims against Jon Norberg with prejudice or that the North

Dakota District Court dismissed him with prejudice.  See Docs. 39-3, 39-4.  Like the

Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure, Rule

41 of the North Dakota Rules of Civil Procedure provides that "unless the order states

otherwise, a dismissal . . . is without prejudice."  N.D.R. Civ. P. 41(a)(2); see Fed. R.

Civ. P. 41(a)(2); Fed. R. Bankr. P. 7041.  Alonna Knorr Norberg offered no authority

suggesting otherwise.  Consistent with these rules, the Court finds that the North

Dakota District Court dismissed Jon Norberg from the lawsuit without prejudice.

Accordingly, North Mountain Capital may demand payment from Jon Norberg or file

another lawsuit seeking judgment on the promissory note and may enforce any

judgment it obtains in its favor.

To the extent Alonna Knorr Norberg suggests that merger bars North Mountain

Capital from collecting from Jon Norberg, this suggestion is rejected as well.  Judgment

against one obligor does not result in merger or bar a claim against the remaining

obligors.  46 Am. Jur.2d Judgments § 436 (citations omitted); see Restatement

12

(Second) of Judgments § 49 (Am. Law. Inst. 1982) (cmt. b) ("A judgment against one

obligor under a contract does not terminate the claim against another obligor under the

contract.") (citation omitted); see also Guertler v. DuPont Comm. Credit Union, 552 B.R.

140, 147 (W.D. Va. 2016) ("'A judgment against one or more promisors does not

discharge other promisors of the same performance unless joinder of the other

promisors is required[.]'" (quoting Restatement (Second) of Contracts § 292(1) (Am.

Law. Inst. 1981)); DKN Holdings LLC v. Faerber, 352 P.3d 378, 383 (Cal. App. Dep't

Super. Ct. 2015) ("Parties who are jointly and severally liable on a contract may be sued

in separate actions.  Judgment in the first action does not bar judgments in later actions,

even when they allege the same claim of wrongdoing, as long as the suits are against

different parties." (emphasis omitted)).

The undisputed evidence shows Jon Norberg was jointly and severally obligated

to pay North Mountain Capital $292,422.34 when North Mountain Capital purchased the

note and obtained an assignment.  Doc. 33-1 at 4.  Jon Norberg's obligation to pay the

debt to North Mountain Capital did not change when the corporation obtained judgment

against Alonna Knorr Norberg, although the outstanding debt continued to grow.[2]  In

other words, if Alonna Knorr Norberg fails to pay the debt to North Mountain Capital, the

corporation may collect the full sum of the debt from Jon Norberg.   Alonna Knorr

Norberg would then be compelled to indemnify Jon Norberg because the North Dakota

District Court assigned this debt to her in the Divorce Decree.  It is Alonna Knorr

---

[2] The sum of the debt as May 6, 2016 totaled $298,077.22.  See Doc. 39-8
(Judgment).

13

Norberg's separate obligation to Jon Norberg under the Divorce Decree that defines the

scope of dischargeable or nondischargeable debt under section 523(a)(15).  Alonna

Knorr Norberg offered no evidence or persuasive authority suggesting the assignment

from Bell State Bank & Trust to North Mountain Capital is unenforceable or that Jon

Norberg's debt to the North Mountain Capital is less than the sum due and owing on the

promissory note.  Accordingly, the Court finds that $298,077.22 as of May 6, 2016, plus

interest, is excepted from discharge under section 523(a)(15).

Alonna Knorr Norberg also argues that North Mountain Capital did not file an

Adversary Action,[3] suggesting that Jon Norberg does not have standing to argue that

the debt to the corporation is not dischargeable.  She claims that, at most, he "is only

entitled to his personal/individual interest in the North Mountain Capital debt, which,

according to North Mountain Capital's 'Operating Agreement' is 49%."  It appears that

Alonna Knorr Norberg suggests that only 49% of the outstanding debt she owes to

North Mountain Capital is excepted from discharge under section 523(a)(15).  The Court

is not persuaded.

---

[3] Third parties, like North Mountain Capital, do not have standing to pursue a claim under section 523(a)(15).  See Beggs v. Niewdach (In re Beggs), 314 B.R. 401, 417 (Bankr. E.D. Ark. 2004) (citations omitted); see also Martelloni v. Martelloni (In re Martelloni), 2013 WL 5873264, at *4 (Bankr. E.D.N.Y. Oct. 31, 2013) (former in-laws lack standing under section 523(a)(15); Sherman v. Proyect (In re Proyect), 503 B.R. 765, 773 (Bankr. N.D. Ga. 2013) (only the parties listed in section 523(a)(15) have standing to bring a cause of action under the subsection); Gabel v. Olson (In re Olson), 355 B.R. 649, 657 (Bankr. E.D. Tenn. 2006) ("If the debtor agrees to pay marital debts that are owed to third parties, those third parties do not have standing to assert the [§ 523(a)(15)] exception[.]") (citation omitted).  Consequently, Alonna Knorr Norberg's suggestions that it must pursue an adversary proceeding to enforce its judgment does not advance the analysis in this case.

14

Under the terms of the assignment, Bell State Bank & Trust assigned its right, title and interest under the promissory note signed by both parties to North Mountain Capital.  Since both Jon Norberg and Alonna Knorr Norberg are obligated to pay the debt due and owing under the promissory note, Jon Norberg is liable to North Mountain Capital until Alonna Knorr Norberg pays the debt in full as required by the Divorce Decree.  Under the Divorce Decree, he possesses an implied right of indemnity from Alonna Knorr Norberg for any sums he pays toward this debt.  Consequently, he is an interested party with standing to bring a cause of action under section 523(a)(15).

Alonna Knorr Norberg's assertion that Jon Norberg may collect only 49% of the debt owed to North Mountain Capital is rejected as well.  First, by asserting this argument, Alonna Knorr Norberg ignores the fact that the debt at issue is owed to North Mountain Capital, a corporation, not Jon Norberg.  The fact that he owns an interest in the corporation is irrelevant to Alonna Knorr Norberg's debt obligation to the corporation.  Second, Jon Norberg may pursue Alonna Knorr Norberg for the full sum of the debt he pays to North Mountain Capital (if any).[4]  In the meantime, Alonna Knorr Norberg's obligation to pay the outstanding balance of the joint debt assigned to North Mountain Capital remains unchanged.

## IV.   CONCLUSION

For the reasons stated above, Jon Norberg's Motion for Partial Summary Judgment relating to the domestic support obligations and debt payment requirements

---

[4] Jon Norberg did not offer evidence of any debts assigned to Alonna Knorr Norberg in the Divorce Degree that he paid.  Consequently, the Court makes no findings on this issue.  See Compl. at 7, ¶5.

15

is GRANTED. The domestic support debt owed by Debtor Alonna Knorr Norberg to Jon

Norberg on the date of Debtor's bankruptcy petition is excepted from discharge under

11 U.S.C. § 523(a)(5).  In addition, the debt to North Mountain Capital in the sum of

$298,077.22 as of May 6, 2016, plus interest less any sums credited or paid toward this

debt since May 6, 2016, is excepted from discharge under 11 U.S.C. § 523(a)(15).

Judgment may be entered accordingly.

Dated:  August 20, 2019.


Shon Hastings, Judge
United States Bankruptcy Court